UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL No. 10-10412-NG |
| v. | |
| MARK ROTHFUSS<br>　　　　Defendant | |

GOVERNMENT'S SENTENCING MEMORANDUM

The United States moves this Court to sentence Defendant Mark Rothfuss to 12 months and one day of imprisonment; 36 months of supervised release; a fine of $3,000; forfeiture as agreed upon in the plea agreement; restitution of $109,425.50; a $200 special assessment; and special conditions on the terms of imprisonment and supervised release that include that Defendant be evaluated for drug use counseling and credit, debt, or other money-management counseling and, if the Probation Office deems it appropriate, be required to complete that counseling.  While the government is not concerned about Rothfuss re-offending, it believes this sentence is appropriate to afford adequate general deterrence, to reflect the seriousness of Rothfuss's offense, and to provide just punishment for his crime.

**Background of the Offense**

Mark Rothfuss was 44 years old and had been working at EMC Corporation for almost ten years when he began stealing from the company.  PSR ¶ 38.  As a service/repair technician, he employed a variety of ruses over the course of almost two years to obtain equipment to sell, including requesting more equipment from EMC then he needed to

perform repair jobs. PSR ¶¶ 8, 9. Rothfuss sold the stolen equipment over eBay, and received $107,560.50 in proceeds. PSR ¶¶ 10, 13. He terminated his criminal activity only after ICE agents executed a warrant to search his home in April 2011. PSR ¶ 11. At the time of the search, additional stolen equipment was recovered from the home. PSR ¶ 15.

Rothfuss confessed to federal agents during the search. PSR ¶ 11. Following the search, he proffered to the United States Attorney's Office and offered to assist the government. PSR ¶ 12. Although the government deemed that Mr. Rothfuss had no information or ability to help investigate or prosecute others, Rothfuss did voluntarily meet with EMC Corporation on June 22, 2011 at the United States Attorney's Office to discuss how he was able to steal the equipment and help EMC identify its security vulnerabilities. PSR ¶ 12.

### The Guidelines and the Plea Agreement

The government agrees with the Sentencing Guideline calculations outlined in the PSR. PSR ¶ 19–34. Specifically, the government agrees that: the base offense level should be 7 (pursuant to U.S.S.G. §2B1.1(a)(1)); the offense level should be increased by 8 levels based on the loss to the victim (pursuant to §2B1.1(b)(1)(E)); and a 2-level reduction should be applied for acceptance or responsibility (pursuant to §3E1.1(a)) – for a total offense level of 13. PSR ¶ 29.

This Guidelines calculation uses a lower loss amount than the government anticipated at the time of the plea agreement. While the parties have always agreed that the loss amount should be at least $107,560, based on the amount Rothfuss received for the equipment he

sold on eBay, there was less clarity regarding how much should be added to reflect the value of the stolen items seized from the home. The original estimate of the fair market value of the items seized from Rothfuss's home was $33,093.50. PSR ¶ 14. The government used this figure in the plea agreement, but it was questioned by Rothfuss's counsel. *Id.* The government subsequently asked BL Trading, one of Rothfuss's former customers and a cooperating defendant in another case, to evaluate the items. *Id.* BL Trading estimated that they would have been willing to pay Rothfuss approximately $1,865 for the items in 2009, and would have been able to sell them for approximately $3,595. *Id.* Providing Rothfuss with the most generous basis for determining a loss figure, the Probation Office added the $1,865 estimate to the sales figure to arrive at a total loss amount of $109,425.50. PSR ¶¶ 15, 23. Although the $33,093.50 estimate could still apply, the government is willing to accept this very conservative estimate of $1,865, and use a total loss amount of $109,425.50 for purposes of the Guidelines calculations.

The post-plea agreement adjustment of the estimated loss amount appears to eliminate the parties' disagreement on the appropriate restitution amount, as the defendant already agreed that the amount should $107,560.00, plus the value of the unsold stolen equipment seized from the house. Plea Agreement ¶ 4.

The reduction in the loss amount has also resulted in a reduction of the government's recommended length of incarceration. With the Guidelines total offense level reduced to 13, and at Criminal History Category I, the Guidelines imprisonment recommendation is now a Zone C sentencing range of 12-18 months. Although the plea-agreement stated that the

government would recommend incarceration for 15 months, regardless of the Guidelines range, the government is now reducing the recommendation to the lowest end of the new adjusted guidelines range: 12 months and 1 day.

### **The Recommendation**

The recommended sentence of incarceration for 12 months and 1 day is appropriate here because it balances the significance of the defendant's criminal activity and his efforts to take responsibility for his offense. Rothfuss committed a serious crime – he took advantage of his access to expensive computer equipment and stole from his employer of almost ten years. This activity went on for over two years, resulted in losses of over $100,000 to his employer, and ended only when federal law enforcement agents searched his home. This is a case where the losses are an appropriate measure of the offense – Rothfuss personally stole each piece of equipment and personally benefitted from every dollar of profit. Indeed, as discussed above, the loss figures are calculated in a manner that is very conservative, and provides Rothfuss with the benefit of every doubt. The result is a guidelines range of 12 to 18 months, and a sentence of incarceration of 12 months would reflect the seriousness of this offense, promote respect for the law, afford adequate deterrence, and provide just punishment for the offense.

At the same time, a sentence of incarceration at the lowest end of the applicable Guidelines range reflects the fact that Rothfuss now appears to have recognized and corrected his behavior. Rothfuss immediately confessed his crime, proffered, and made efforts to assist the government and his former employer. Rothfuss has expressed, in his

words and deeds, a willingness to take responsibility for his offense and move beyond his current situation.  PSR ¶ 69.  As a result, the government believes the Court should sentence defendant to 12 months and a day of imprisonment, followed by 36 months of supervised release.  Under U.S.S.G. § 5C1.1(d), the Court may satisfy the Zone C sentencing range with a term of imprisonment that includes a term of home detention for one-half of the minimum term.

The sentence of imprisonment and supervised release should be accompanied by a fine of $3,000 (the minimum under the guidelines); forfeiture as agreed upon in the plea agreement; restitution of $109,425.50; a $200 special assessment; and special conditions on the terms of imprisonment and supervised release that include that Defendant be evaluated for drug use counseling and credit, debt, or other money-management counseling and, if the Probation Office deems it appropriate, be required to complete that counseling.

        Respectfully submitted,

        CARMEN M. ORTIZ
        United States Attorney

By: */s/ Amy Harman Burkart*
    AMY HARMAN BURKART
    SCOTT L. GARLAND
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that this document was filed on the date listed below through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

                                                              */s/ Amy Harman Burkart*
                                                              AMY HARMAN BURKART
                                                              Assistant United States Attorney

Dated: July 22, 2011